REMY, Administrator, *v.* BUTLER.

Nov. Term,
1843.

An action cannot be brought against an administrator on a promise of the intestate, (the administrator not having been guilty of waste, negligence, or fraud,) after a complaint had been filed in the Probate Court by the administrator, for the purpose of settling the estate as insolvent.

REMY
v.
BUTLER.

ERROR to the *Franklin* Circuit Court.

*Tuesday,
December* 12.

DEWEY, J.—*Butler* sued *Remy*, administrator of *Remy*, on two promissory notes made by the intestate. The defendant pleaded in abatement, that, before the commencement of the suit, he had filed his complaint in the proper Probate Court, stating that he had discovered that the estate of the intestate was not sufficient to pay his debts, &c. The complaint, as set out in the plea, states the facts necessary to show the insolvency of the estate, and concludes with a prayer that it be settled as an insolvent estate, and for general relief. The complaint is averred to have been pending in the Probate Court when this action was commenced. The plaintiff demurred to the plea. The Court sustained the demurrer, and entered a judgment of *respondeat ouster*. The defendant failing to plead to the merits, final judgment was rendered against him.

The law is, that when an executor or administrator shall discover that the estate represented by him is insolvent, he shall file in the Probate Court, from which he received his appointment, or in the clerk's office in vacation, his complaint, stating the situation of the estate, real and personal, of the deceased, the appraised value thereof, the amount of debts outstanding against the estate, so far as they are known, and that the estate is insufficient to pay them; and praying for general relief. And from the date of the filing of the complaint, no action shall be brought or sustained against such executor or administrator, unless waste, negligence, or fraud in the discharge of his duties be alleged against him. R. S. 1838, pp. 185, 186.

The plea in abatement shows, that the administrator complied with the requisitions of the statute in filing his complaint, and that the same was pending in the Probate Court when this action was commenced. As there is no allegation of waste, negligence, or fraud against the administrator, the plea

Nov. Term,
1843. was sufficient to abate the suit.  The demurrer should have been overruled.

Doe
v.
Vandewater.     *Per Curiam.* — The judgment is reversed with costs. Cause remanded, &c.

    *J. M. Johnston*, for the plaintiff.

    *J. Ryman* and *P. L. Spooner*, for the defendant.